Greenlee R. TAYLOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22217.

United States Court of Appeals District of Columbia Circuit.

Argued May 1, 1969.

Decided May 15, 1969.

———◆———

Mr. J. Garvan Murtha, Avon, Conn., with whom Mr. William W. Greenhalgh, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Sandor Frankel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Scott R. Schoenfeld, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

McGOWAN, Circuit Judge.

Convicted by a jury of housebreaking and grand larceny, 22 D.C.Code §§ 1801, 2201 (1967), appellant insists that two witnesses were improperly permitted to identify him in court. It appears that the trial court, as well as both the prosecutor and trial counsel for appellant, erroneously assumed that a pretrial confrontation presented no due process problems for an in-court identification so long as the Government itself did not adduce evidence of the out-of-court meeting as part of its case.

■ The arrest occurred on March 31, 1967, and appellant was tried in January, 1968. Trial counsel for appellant here quite rightly sought an inquiry out of the jury's presence into the circumstances of the pretrial confrontation between appellant and two lay witnesses at the police station shortly after the arrest. The prosecutor recognized the existence of a possible due process problem, but thought to dissipate it entirely by stating his purpose to confine these witnesses to in-court identifications, and not to acquaint the jury with the police station meeting. Both the court and appellant's counsel appeared to agree that this eliminated any need for further inquiry as a preliminary condition to determining the propriety of the in-court identification testimony by these witnesses.[1]

■ The Government now recognizes the defect in this assumption, and argues only that the evidence of guilt is so compelling as to enable us "to declare a belief that [the constitutional error] was harmless beyond a reasonable doubt," Chapman v. California, 386 U.

1. The arrest was before, but the trial was after, the Supreme Court's identification trilogy of June 12, 1967. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967). Although those opinions make apparent the mistake made at the trial, this court did not spell out in detail the method of which pre-*Wade* confrontations were to be evaluated until December 6, 1968, in its *en banc* consideration of Clemons *et al.* v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230, cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 56 (1969).

S. 18, 24, 87 S.Ct. 824, 826, 17 L.Ed.2d 705 (1967), thereby eliminating the need for either reversal or for supplementary inquiry on remand into the validity of the pretrial confrontation or the existence of an independent source for the in-court identifications by the two witnesses in question. Upon this record we think we are warranted in holding that the error, if any, was harmless.

The possibly defective in-court identifications were made by two men who were standing on the sidewalk at 1:00 A.M., near a clothing store. They heard the crash of a window in the store, and saw five to six men leaving the store carrying clothing and mannequins. The group passed directly by the two observers on the same side of the street. The Government also called as witnesses, however, two policemen who were patrolling in the immediate vicinity of the crime on the evening in question. They testified that, upon hearing the sound of the breaking glass, they immediately came around the corner and saw five to six men leaving the entranceway of the store, carrying clothing and mannequins. They followed the group down the street for a block until the group, becoming aware of the officers in pursuit, split up and fled. Appellant, who one of the officers said was in his vision since he and his partner first saw the group at the store was caught after a short chase. There were found in his possession at that time a suit and shirt taken from the store, which the Government offered in evidence.

In defense, appellant and a friend testified that they were on their way home from a party when the store was broken into, that they did not flee, and were arrested as they went along the sidewalk. Appellant denied that any stolen clothing was in his possession.

In McCloud v. United States, F.2d, (No. 21,867, decided October 31, 1968 (unpublished opinion, per curiam)), we felt justified in making a *Chapman* determination in a case where, ignoring the identification testimony given by the robbery victim, there still remained evidence that the defendant had been found by the police thirty-five minutes after the robbery in the immediate neighborhood with the stolen goods upon him. We think the parallel is very close; and, indeed, *McCloud* lacks the element of continuous observation by the police virtually from crime to arrest.[2]

In making the *Chapman* determination urged upon us by the Government, we do not accept the standard formulated by the Government in its brief, i.e., "if the evidence 'viewed in the light most favorable to the Government's position' meets the *Chapman* standard for harmless error, this Court should affirm." The Government's citation in this connection of our *Crawford* and *Curley* decisions[3] suggests that it is confusing the *Chapman* issue with that of the adequacy of the Government's case to support a submission of the question of guilt or innocence to the jury. In applying *Chapman*, we must look to all the evidence, defense and prosecution alike, and bring our judgment to bear upon the question of whether it is clear

2. The fact of a defendant's being constantly in view between the commission of a crime and arrest has been identified by us heretofore as a relevant factor in a *Chapman* finding. *See* Solomon v. United States, 133 U.S.App.D.C. 103, 408 F.2d 1306 (1969). In *Solomon*, however, although the victim's identification was suspect under *Stovall*, there remained the identification testimony of another observer of the crime, which we held valid as against a claim of an improper pretrial confrontation occurring shortly after the crime.

3. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

to us beyond a reasonable doubt that a guilty verdict would have resulted even if the jury had never heard the challenged testimony.[4] It is by that process of judgment that we conclude, by reference to *Chapman*, that remand is not inescapably necessary here.

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (concurring):

I agree with the court that the *Chapman*[1] test is not one easily passed. The determination of guilt or innocence in a jury case under our law is for the jury. And where the jury's deliberations are infected by identification testimony produced by police procedures lacking in due process, it is realistically impossible in most cases, simply by reading the record, to determine with assurance beyond a reasonable doubt that the jury, or at least one juror, was not influenced by the tainted evidence.

Here, as the majority indicates, through a misconception of the law the participants in the trial did not focus on the issue presented on appeal. On the record as made I concur in this court's resolution of the problem presented, realizing, of course, that the constitutional error recognized for the first time on appeal may be the subject of an appropriate Section 2255[2] motion.

*See* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

4. Although no defense testimony raising credibility issues was offered in *McCloud*, there was such a credibility issue in *Solomon*. Here, appellant claimed to have been innocently passing by the clothing store at the time the marauders were leaving, and he denied possession of the stolen clothing. We note, however, that an appreciable degree of credence for the police version is supplied by that part of the testimony of the two lay witnesses which did not involve identification and which was, accordingly, properly before the jury.

They said that the two policemen came up and spoke to them just after the crash of the glass, and they confirmed that the police set off in pursuit of the group of men they had observed coming out of the store.

1. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

