The **UNITED STATES of America**
v.
**Roosevelt ROLLERSON.**
Crim. No. 209–63.

United States District Court,
District of Columbia.
Jan. 30, 1970.

William H. Allen, and Allan J. Topol, Washington, D.C., for appellant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

LEONARD P. WALSH, District Judge.

This matter comes before this Court on remand from the Supreme Court of the United States by a per curiam opinion, 394 U.S. 575, 89 S.Ct. 1300, 22 L. Ed.2d 557, decided April 7, 1969, (Justices Black, Harlan and Stewart dissenting), requiring further consideration of defendant's motion for writ of error coram nobis, or, in the alternative, for relief under Rule 35, F.R.Cr.P., to correct an illegal sentence, in the light of Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, decided March 24, 1969.

Counsel for defendant and the government were given time to file memoranda on the issues presented and for defendant to reply to the government's brief. A hearing was held on November 5, 1969, after which both parties were permitted to file supplemental briefs in the light of questions raised at the hearing.

The Court having considered the motion, the opposition of the government, reply of the movant, the files and records in the case, argument of counsel, and supplemental memoranda of both parties, now makes the following findings of fact and conclusions of law:

Petitioner is not presently confined pursuant to sentence of this court. On February 14, 1963, while on trial for robbery in Criminal Case No. 735–62 before a jury, petitioner threw an ice-filled water pitcher at the Assistant United States Attorney prosecuting the case, striking him in the shoulder. The Trial Judge immediately excused the jury and told petitioner that whether he had been in contempt would be considered at sentencing if he were found guilty. On February 14, 1963, the jury returned a verdict of guilty on the robbery charge. On February 21, 1963, the trial judge held petitioner in contempt and sentenced him to one year for contempt, to run consecutively with a three to nine-year sentence imposed on the robbery conviction. Four days later, on February 25, 1963, petitioner was indicted on two counts in Criminal case No. 209–63 for assault with a deadly weapon (22 D.C.Code, Section 502), and assault on an Assistant United States Attorney engaged in the performance of his duties (18 U.S.C. Section 111).

Subsequently, on July 15, 1963, a jury found petitioner guilty on both counts of assault. On July 26, 1963, he was sentenced to concurrent terms of one to three years on each count, to run consecutively with the sentence previously imposed.

The assault conviction was not appealed, but the robbery and contempt convictions were appealed. On October 1, 1964, the United States Court of Appeals for the District of Columbia Circuit, affirmed the robbery conviction, subject to determination on remand of petitioner's mental condition. The contempt conviction was reversed and remanded for a hearing under the Federal Rules of Criminal Procedure, Rule 42(b), to determine petitioner's mental

responsibility for the assaults. The Court also ruled that the maximum sentence for a contempt conviction would be 90 days unless a jury trial were held. Rollerson v. United States, 119 U.S. App.D.C. 400, 343 F.2d 269 (1964).

At the remand hearing on March 4, 1965, the Trial Judge rejected petitioner's claim that reimposition of the contempt sentence would violate the Fifth Amendment guarantee against double jeopardy. On March 5, 1965, the District Court vacated the prior sentence for contempt, found petitioner unaffected with a mental disease or defect at the time he threw the water pitcher, and sentenced defendant to 90 days for contempt, to run consecutively to the sentence imposed in the assault case. Petitioner did not appeal this judgment. However, on March 9, 1967, he did move for issuance of a writ of error coram nobis, or, in the alternative for relief under Rule 35, F.R.Cr.P., voiding the assault conviction for asserted exposure to double jeopardy since he had previously been found guilty of contempt for the same act. On October 11, 1967, this Court denied petitioner's motion, and among other things ruled as a matter of law that:

"[a]ssuming arguendo that petitioner may raise the issue of double jeopardy on this motion, * * * his right under the Fifth Amendment of the Constitution of the United States to be protected from being placed twice in jeopardy was not violated by his prosecution and sentence for assault with a dangerous weapon on an Assistant United States Attorney engaged in the performance of his duties (18 U.S.C. Sec. 111) * * *".

On November 26, 1968, the Court of Appeals affirmed this denial, without reaching the merits of the double jeopardy claim, on the ground that the claim could not be reached for the first time on collateral attack where there was no explanation of why it was not raised at trial. Rollerson v. United States, 132 U.S.App.D.C. 10, 405 F.2d 1078 (1968).

On April 7, 1969, the Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the District Court.

In his renewed motion and supporting memoranda petitioner makes four basic assertions: (1) contempt is not distinguishable from any other crime for the purpose of determining whether the same act can be the subject of successive trials; (2) the constitutional test of double jeopardy in prosecution after an initial conviction and sentence is simply whether the same act or transaction is the basis for both punishments, it being immaterial that the two statutes under which the convictions took place were designed to protect the separate interests of two separate governmental elements, the court and the federal prosecuting authority; (3) the only basis upon which a court before which a sentence is collaterally attacked upon constitutional grounds may refuse to reach the merits of that claim is a showing that the petitioner intentionally relinquished or abandoned a known right or privilege as part of a deliberate by-passing of the earlier proceedings leading to his conviction; and (4) the only basis for the Supreme Court's remand to the District Court must have been to afford the government an opportunity to present evidence that petitioner intentionally relinquished his double jeopardy claim at trial six years previously.

In directing its attention first to petitioner's claims (3) and (4), the Court has considered carefully the Supreme Court's decision in Kaufman v. United States, *supra.* In *Kaufman,* the Supreme Court specifically disapproved the decision in Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822 (1966), which was the controlling factor in the Court of Appeal's decision in *Rollerson* not to reach the merits of petitioner's claim. In *Thornton,* the Court of Appeals held that in Federal cases, in the absence of "exceptional circumstances" explaining a failure to raise the issue at trial, a claim of illegal search and seizure could not be made for the

first time in a collateral proceeding. Judge Wright, dissenting, took the position that prior decisions of the Supreme Court, principally Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), indicated that failure to make a constitutional claim at trial neither precludes the making of such a claim in a post-conviction proceeding, nor shifts to the petitioner the burden of demonstrating "exceptional circumstances" before his claim of constitutional deprivation may be heard. (125 U.S.App.D.C. at 121, 368 F.2d at 829).

In *Kaufman*, the Supreme Court adopted Judge Wright's view stating:

"We thus reject the rule announced in the majority opinion in *Thornton* and adopt the reasoning of Judge Wright's dissent in that case. * * *".

(394 U.S. at 230, 89 S.Ct. at 1076). The Supreme Court's opinion added that a federal court on a section 2255 motion could properly "deny relief to a federal prisoner who has deliberately by-passed the orderly federal procedures provided at or before trial and by way of appeal." (Id. at p. 227, 89 S.Ct. at 1074, n. 8), thus establishing that in federal as well as state collateral proceedings the "deliberate by-passing" test of Fay v. Noia, *supra*, presents the only basis for refusing to reach the merits of a constitutional claim. That test contemplates that a section 2255 applicant will be barred only if there has been an intentional relinquishment or abandonment of a known right or privilege. Fay v. Noia, *supra*, 372 U.S. at 439, 83 S.Ct. 822, 9 L.Ed.2d 837 citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ In the present case, having examined the affidavits of trial counsel and the petitioner to the effect that they had never considered the issue of double jeopardy, and having presided over the trial itself, this Court is of the opinion that as a matter of fact and conclusion of law there was never any intentional relinquishment or abandonment of a known right or privilege. The possibility of a double jeopardy defense did not occur to movant's counsel, and in consequence there was no discussion of it between counsel and client so that movant could not have deliberately abandoned a known right or privilege. Movant clearly did not know he had any such right or privilege to be abandoned.

Moreover there could not have been any deliberate by-passing of orderly federal procedure. Not only do the affidavits negate this possibility, but also there is no conceivable strategical reason for not asserting a double jeopardy defense at the earliest opportunity. If sustained, the defense results in dismissal of the indictment; if not sustained, assertion of the defense cannot possibly prejudice a trial. The Government's assertion that a decision for movant on the procedural issue will encourage defendants and counsel to withhold double jeopardy claims until late in a proceeding seems to this court to be without merit.

Having determined, then, that procedurally the issue of double jeopardy was not previously waived, the Court now turns to movant's points (1) and (2), dealing with the substantive merits of the issue.

■ The Court finds that petitioner's contention that the federal prosecuting authority was precluded under the double jeopardy clause from bringing assault charges is without merit as a matter of law. In so holding, the Court relies on the excellent opinion of District Judge Edelstein in the United States District Court for the Southern District of New York in the case of United States v. Mirra, D.C.N.Y. 220 F.Supp. 361 (1963). Faced with a factual situation on all fours with the instant case (accused threw a chair at the prosecutor, was speedily held in contempt, sentenced to one year, and shortly convicted of assault with a deadly weapon and assault on prosecutor), that court reviewed the Supreme Court decisions, and the policy considerations underlying the pro-

tection against double jeopardy. The Court concluded, at p. 366, that the double jeopardy clause did not bar subsequent prosecution for assault, stating:

"[3] Moreover, a criminal prosecution arising out of and subsequent to summary contempt conviction does not offend the policy underlying the protection against Double Jeopardy. As Mr. Justice Brennan has stated in Abbate v. United States, 359 U.S. 187, 199, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959), 'The basis of the Fifth Amendment protection against double jeopardy is that a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary to his defense more than once for the same alleged criminal acts.' Id. 359 U.S. at 198–199, 79 S.Ct. at 672–673. A person held in summary contempt and then subsequently indicted does not suffer the harassment of successive trials. The Court recognizes, however, that to some extent this argument is circular. Successive trials are not involved because the effective remedy against a contempt committed in the court's presence is for the court immediately and summarily to punish the contumacious conduct. See Fed.R. Crim.P. 42(a). And since an adversary type proceeding does not precede the swift imposition of a summary contempt conviction, a criminal prosecution on a charge arising out of the contumacious conduct is the first trial-type harassment to which the contemnor is made subject. In the present posture of the law, a rebellious person does not have the option, and wisely so, of having the issue of his alleged contumacy determined by a trial-type hearing. Congress has seen fit to protect the dignity and decorum of the court by empowering the Federal courts to redress, spontaneously and summarily, an outrage or indignity committed in the court's presence. 18 U.S.C. sec. 3691. * * * It is true, of course, that the alleged contemnor does not have a choice in the matter of whether he is to be punished summarily or only after a hearing but it is the fact, nevertheless, that the summary contemnor is not subjected to the harassment which the Double Jeopardy protection seeks to prevent.

"Defendant's reliance on United States v. Sabella, 272 F.2d 206 (2d Cir. 1959) and Abbate v. United States, supra, is clearly misplaced. Both those cases deal with successive criminal prosecutions of the same set of facts by the Federal government. Neither of those cases, nor any of the others cited by Mirra, support his position."

The separate interests of the Federal Court in itself protecting the dignity of the Court, and of the Federal prosecuting authority in initiating action to protect persons and property, recognized in *Mirra,* have consistently been recognized by the Courts. That separate interests in different governmental elements will support convictions under separate statutes making criminal the same acts which injure both interests was fully recognized by Justice Brennan in Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

Petitioner urges the case of Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), for the proposition that criminal contempt must be treated as a crime for purposes of the double jeopardy clause of the Fifth Amendment. But *Bloom* does not purport to deal with the question of whether a person having been punished for a contempt of court may be prosecuted under a criminal statute by the prosecuting authority. Nor does *Bloom* deal with the relationship for double jeopardy purposes between separate interests of the courts and the prosecuting authority in law enforcement. *Bloom* does not deal with double jeopardy at all, other than to note in passing that "criminally contemptuous conduct may violate other provisions of the law", at 391 U.S. 201, 88 S.Ct. 1481. Nowhere does the opinion use the term "double jeopardy".

*Bloom* does nothing to detract from the considered clarity of the Supreme Court's opinion in previous cases that conviction for contempt does not bar subsequent prosecution under other provisions of the law.

Accordingly, this Court having found as a matter of fact and conclusion of law that petitioner's claim is without merit, it is the 30th day of January, 1970,

Ordered, that the petitioner's motion for relief pursuant to 28 U.S.C. Sec. 2255, or, alternatively, for a writ of error coram nobis, or for relief under Rule 35, F.R.Cr.P., be, and the same hereby is, denied.