UNITED STATES of America,
Appellee,

v.

Albert TADDEO, Appellant.

No. 215, Docket 34298.

United States Court of Appeals,
Second Circuit.

Argued Sept. 29, 1970.

Decided Nov. 23, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 957.

Phylis Skloot Bamberger, New York City (Milton Adler, New York City, on the brief), for appellant.

John J. Tigue, Jr., Asst. U. S. Atty., S. D. N. Y. (Whitney North Seymour, Jr., U. S. Atty., and Daniel J. Sullivan, Asst. U. S. Atty., S. D. N. Y., on the brief), for appellee.

Before DANAHER,* FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of conviction entered against the appellant in the United States District Court for the Southern District of New York for uttering a forged United States treasury check in violation of 18 U.S.C. § 495 (1964).

The sole issue on appeal is whether denial of the appellant's motion to dismiss for failure to prosecute was error violating the appellant's sixth amendment right to a speedy trial.

On August 9, 1968 a complaint charging appellant with forging a United States treasury check was filed. Appellant learned of the complaint when a detainer was lodged against him at Au-

* Senior Judge, United States Court of Appeals, District of Columbia Circuit, sitting by designation.

burn Prison, where he was serving a sentence pursuant to a New York state conviction.

On October 2, 1968 appellant mailed a letter to the United States Marshal at Utica, New York, in which he requested a speedy disposition of the pending charge. The United States Marshal at Utica replied to the appellant on October 7, 1968 stating that he had referred the request to the United States Marshal in the Southern District of New York. On November 22, 1968, the appellant wrote another letter with the same request to the clerk of the Southern District of New York. In both letters the appellant said that his reason for requesting expeditious disposition was his concern that the detainer might interfere with his chances for parole from Auburn.

Although the indictment in this case was filed on December 2, 1968, the government's first application for a writ of habeas corpus ad prosequendum was not made until September 10, 1969. Appellant first appeared in court on September 23, 1969 and pleaded not guilty; counsel was assigned the next day, and trial set for October 14, 1969.

■ On September 29, 1969, appellant moved to dismiss the indictment for failure to prosecute. The evidence presented at the hearing on the motion showed that the nine-month delay in trying appellant's case was due principally to the work load of the United States Attorney's office. In denying the motion to dismiss, Judge Tyler found that there was no purposeful delay by the government; that a nine-month delay was not *per se* excessive; and that there was no way to ascertain whether the detainer had affected the date fixed for appellant's release from Auburn or if an earlier trial would have resulted in an earlier release date. The case proceeded to trial without a jury and resulted in a finding of guilty. A sentence of 18 months to be served consecutively with the prior New York State conviction was imposed.

Our disposition of this case is governed by the standards adopted by this court in United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L. Ed.2d 236 (1969). See also United States v. Dooling, 406 F.2d 192, 196 (2d Cir. 1969); Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). We look to four factors in deciding whether there has been a violation of the right to a speedy trial: the length of the delay; the reason for the delay; the prejudice to the defendant; and waiver by the defendant. The two letters sent by the appellant here and his subsequent actions absolve him from any responsibility for the delay in this case. However he has failed to establish his right under the other three criteria.

■ The only period of real inaction in the case was from December 2, 1968 when the complaint was filed, to September 11, 1969, when the government requested defendant's appearance to plead to the indictment—a total of nine months. While we agree that the case does not present a model of expedition on the part of the government, we cannot say that the nine-month delay was *per se* unreasonable.

■ There is no claim that the delay here was either purposeful or oppressive, and Judge Tyler, in his ruling on the motion to dismiss, found that the delay was not deliberate. As for prejudice, the appellant makes no claim that the delay in any way impaired his defense or that his imprisonment before trial was caused by federal authorities. The only prejudice claimed is that the delay in federal trial may have influenced the judgment of the State Parole Board in determining whether to release the defendant from Auburn at an earlier date. The claim is based upon the speculation that if defendant had been convicted in federal court at an earlier date, the State Parole Board might have released him earlier to the federal authorities. Thus his total period of imprison-

ment, state and federal, might have been shorter. This is altogether too speculative to establish the prejudice which defendant must show.

Affirmed.