Jerome BLAND, Petitioner,

v.

Charles M. RODGERS, Respondent.

No. 51–71.

United States District Court,
District of Columbia.

July 12, 1971.

Peter Kolker, Public Defender Service, Washington, D. C., for petitioner.

Thomas Moore, Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM

LEONARD P. WALSH, District Judge.

This matter comes before the Court on a petition for a writ of habeas corpus filed by counsel on behalf of Jerome Bland.

Petitioner, a sixteen year old youth, who under provisions of the District of Columbia Code, Title 16, Section 2301(3) (A), has been charged as an adult,[1] in the United States District Court, under an indictment alleging the federal offense of armed postal robbery (18 U.S.C. § 2114), armed robbery (22 D.C.Code 2901), robbery (22 D.C.Code 3202), and assault with a dangerous weapon (22 D.C.Code 502).

Since February 9, 1971, petitioner has been confined at the D.C. Jail. Were it not for the enactment of Title 16, Section 2301(3) (A) of the D.C.Code in 1970,[2] he would have been considered a "child" and subject to the Family Division of the Superior Court as established by the same Act of Congress.

Two grounds are asserted in the Petition: (1) that D.C.Code Sec. 16–2301 is unconstitutional and, (2) that the conditions of petitioner's confinement reflect both a denial of equal protection under the law, and cruel and unusual punishment in violation of the 8th Amendment to the Constitution.

On May 21, 1971, this petition was first brought in the Superior Court of the District of Columbia, where it was dismissed without a hearing by Judge Norma Johnson on June 2, 1971, "without prejudice to its being filed in the United States District Court for the District of Columbia."[3]

Jurisdiction presents the threshold question as regards both allegations of the petition for a writ of habeas corpus. There is no dispute that the constitutionality *vel non* of the statute may be challenged in the federal court. The actions of both counsel, for petitioner and for the government, as well as the Order of Judge Johnson, support the propriety of federal jurisdiction. That the respondent, Charles M. Rodgers, is a federal officer for purposes of this particular issue remains uncontested.[4]

 Habeas corpus is indeed the "Great Writ"[5] and it is because of its

1. Criminal case No. 697–71.

2. District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 523 (P.L. 91–358, 91st Cong., 2d Sess.)

3. See appended copy of Judge Johnson's Order.

4. Reid v. Covert, 351 U.S. 487, 489–490, 76 S.Ct. 880, 100 L.Ed. 1352 (1956).

5. Blackstone called it "the great and efficacious writ, in all manner of illegal confinement." 3 W. Blackstone, Commentaries 131 (Lewis ed. 1902). See generally Fay v. Noia, 372 U.S. 391, 399–415, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), cf. Frank v. Mangum, 237 U.S. 309, 346, 35 S.Ct. 582, 595, 59 L.Ed. 969 (Holmes, J., joined by Hughes, J., dissenting) (1915), "[H]abeas corpus cuts through all forms and goes to the very tissue of

stature that it remains an extraordinary remedy which will not ordinarily lie where there is an adequate remedy at law.[6] The question, then, is whether in fact such remedy does exist. Petitioner, through counsel, has filed a motion to dismiss the indictment in Criminal case No. 697–71, now pending before Judge Robinson of this Court. The Court finds that such motion suffices as an adequate legal remedy.[7] Consequently, this Court dismisses part one of the petition,—the challenge to the constitutionality of D.C.Code Sec. 16–2301,— since a more appropriate manner of disposing of this important issue on the merits exists within the trial court itself.[8]

Part two of the petition alleges that, even given the constitutionality of D.C. Code Sec. 16–2301, the conditions of petitioner's confinement are such that he is being denied equal protection of the law by being denied certain privileges afforded adult inmates. The resulting situation he maintains is tantamount to cruel and unusual punishment.

Unlike the first allegation, this second charge has sustained a controversy between counsel over jurisdiction. What the government proposes is that the petitioner return to Superior Court,— where the entire petition has already been dismissed "without prejudice to its being filed in the United States District Court for the District of Columbia,"— and refile his rule to show cause. As the rationale for its position, the government maintains that the subject matter of the second allegation is a "purely local matter". Hence, the logic goes, Charles M. Rodgers, in such matters, wears the hat of a District of Columbia employee. To follow this course and return this part of the petition to Superior Court would, the government submits, be in keeping with both the letter and spirit of the District of Columbia Court Reorganization and Criminal Procedure Act of 1970.[9]

■ This Court recognizes the overriding intent of Congress to create a largely independent local court system[10] as well as their concern for "orderliness which underlies the customary deference accorded to the local administration of local matters."[11] Indeed the Court Reorganization Act extinguishes the traditional authority of the federal courts to review local judicial actions by the issuance of writs of habeas corpus.[12]

the structure. It comes in from the outside * * * and although every form may have been preserved, opens the inquiry whether they have been more than an empty shell." Also Harris v. Nelson, 394 U.S. 286, 290, 291, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1968).

6. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); Kent v. Reid, 114 U.S.App.D.C. 330, 316 F.2d 331 (1963).

7. Rollerson v. United States, 132 U.S.App. D.C. 10, 405 F.2d 1078; vacated 394 U.S. 575, 89 S.Ct. 1300, 22 L.Ed.2d 557, on remand 308 F.Supp. 1014 (D.C.)

8. Maye v. Pescor, 162 F.2d 641 (8th Cir., 1947), Hearing on Habeas Corpus is not a substitute for the functions of the trial court.

9. 84 Stat. 523 (P.L. 91–358, 91st Cong., 2nd Sess.). Also see 59 Geo.Law Rev. 495 n. 83 (1971) as concerns the evidence of the Congressional desire to complete the federal-state judicial analogy in the District of Columbia as a step consistent

"with a move toward home rule in the District."

10. See, e. g., Senate Hearings, pt. 3, at 1140 (summary of proposals submitted by Attorney General); id. at 1149 (statement of Deputy Attorney General Richard J. Kleindienst, July 15, 1969); House Hearings 12 (Statement of Associate Deputy Attorney General Donald E. Santarelli, Sept. 22, 1969); S.Rep. No. 91–405, 91st Cong., 1st Sess. 4, 18 (1969); H.R.Rep.No.91–907, 91st Cong., 2d Sess. 23, 34=35 (1970); Senate Statement of Managers 5.

11. Geo.L.Rev. 499 (1971).

12. See D.C. Court Reorganization Act, Sec. 145(h), 84 Stat. 560, amending D.C.Code Ann. Sec. 16–1901 (1967). Compare D.C. Court Reorganization and Criminal Procedure Act of 1970, Sec. 210(a), 84 Stat. 609, codified as D.C.Code Ann. Sec. 23– 110(d) with 28 U.S.C. § 2254(b), (c), (Supp. V, 1970). Under the new D.C. Code provision "application for a writ

■ However, the facts of this case elude the government theory of the case. The petitioner did first make a motion for relief to the Superior Court. The Superior Court denied him the relief, but the most important fact is the manner in which it was denied, specifically "without prejudice to its being filed in the United States District Court for the District of Columbia."

Of course, another Superior Court judge might have ruled differently. Denial of the writ could have been made with prejudice, after which the strict new D.C. provision Sec. 23–110(d) would have prohibited any federal official from entertaining it. However, this did not happen. The denial of the entire,—not part,—of the writ was without a hearing, was without prejudice, and in fact was made in a manner that pointed the way for petitioner to reach an appropriate forum for a full hearing of the merits of his allegations. Counsel's point is well taken that should this case be sent back to Superior Court in a Pyrrhic procedural victory for the government the writ of habeas corpus might be *de facto* suspended in contravention of Article I, sec. 9, paragraph 2, of the Constitution. The rather blithe assertions by the government contend that Judge Johnson either didn't deal with the second issue or denied relief on it, thereby still leaving the option open to calling Rodgers a D.C. employee and supposedly defeating federal jurisdiction.

What was in fact done by Judge Johnson, as reflected by her order, was a denial of the entire petition after full consideration, without a hearing and most crucially "without prejudice to its being filed in the United States District Court for the District of Columbia." Seen in this context. therefore, protestation of the government that for this Court to assume jurisdiction in this case at this time would somehow violate the manifest intent of Congress, seem rather hollow. There is in fact no comity crisis here, no unlawful usurpation of "purely local" jurisdiction by the federal court.[13] Playing the shell game with Mr. Rodgers' "hats" does not aid in the maintenance of the delicate equilibrium established by the Congress for the courts of this city.

Utilizing Judge Johnson's denial, as well as 28 U.S.C. § 2241(c) (1) (extending the writ of habeas corpus in a federal court to persons "in custody under or by the color of the authority of the United States") and 28 U.S.C. § 2241(c) (3) (extending the habeas corpus privilege to persons in custody "in violation of the Constitution"), Petitioner Bland has shown the jurisdiction of this Court to be proper as regards the conditions of his confinement.[14]

■■ Turning then to the conditions of confinement it is well established that habeas corpus tests not only the fact but the form detention.[15] The writ tests the

---

of habeas corpus in behalf of a prisoner who is authorized to apply for relief [to Superior Court] * * * shall not be entertained by * * * any Federal * * * court if it appears that the applicant has failed to make a motion for relief [to the Superior Court] * * * or that the Superior Court has denied him relief * * * ". (emphasis added). "In contrast the federal provision conditions the writ on a mere *exhaustion* of state remedies". 59 Geo.L.Rev. 499 (1971).

13. Mr. Bland is charged with armed Postal robbery, a federal offense, under 18 U.S.C. § 2114. Hence, although the other offenses with which he is charged are, or

will be local offenses, he will be tried in the federal district court. The presence of a federal offense will allow trial in federal court of any *local* offense which is joined in an information or indictment to it. This is a permanent exception to the general rule that federal district courts have jurisdiction over cases prosecuted under the federal criminal laws only, that is, over offenses against the laws of the United States of general or nationwide applicability. D.C.Code Ann. Sec. 11–502.

14. *See* n. 13, *supra*, as regards 28 U.S.C. § 2241(c) (1) ; also Wilson v. Rodgers, 274 F.Supp. 39 (D.C.1967).

15. Hudson v. Hardy, 137 U.S.App.D.C. 366, 422 F.2d 854 (1970). Johnson v. Avery,

lawfulness of restrictions upon personal freedom.[16] Balanced against this is the traditional deference of the courts to the discretion of the internal administration of the prison system.[17] However, the discretion of prison authorities is not unlimited and if paramount federal constitutional or statutory rights come into play, prison regulations must conform to them.[18] Bland has not been convicted of the crimes with which he is charged. He is presumed innocent and thus has nearly all the constitutional rights of an unconvicted citizen. Bland, through his attorney, contends that he is getting the worse of both worlds,—a sixteen year old youth imprisoned as an adult, but without those amenities afforded adults. He raises serious questions. He alleges serious deficiencies surrounding his detention.

 The purpose of a writ of habeas corpus is to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints.[19] And federal courts must grant evidentiary hearings to applicants upon an appropriate showing.[20] The Supreme Court has emphasized, taking into account the office of the writ and the fact of the petitioner being in custody, that a habeas corpus proceeding must not be allowed to flounder in a "procedural morass." [21]

Both Washington, D.C., and habeas corpus are unique in their own ways, which is part of the reason why this young man's petition, first filed on May 21, 1971, has not yet, as of July 7th, 1971, received a full hearing on the merits, despite his having made an appropriate showing. Accordingly, an evidentiary hearing on the precise nature of the conditions of petitioner's confinement will be held at the earliest moment feasible to counsel for the defendant as well as the government. The Respondent, Charles M. Rodgers, is therefore directed to produce the petitioner as well as himself, or his designated representative, at this hearing.

## APPENDIX

Superior Court of the
District of Columbia
Criminal Division
Special Proceedings Section
SP No. 62–71

Jerome Bland,
 Petitioner,

 vs.

Charles M. Rodgers,
 Respondent,

The above-entitled matter having come before the Court on a Petition for Writ of Habeas Corpus and full consideration having been given the petition and answer thereto, it is this 2nd day of June, 1971,

ORDERED, that the Rule to Show Cause be discharged and the Petition be, and hereby is dismissed, without prejudice to its being filed in the United States District Court for the District of Columbia.

 (s) Norma Holloway Johnson
 JUDGE

393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (by implication) (1969). In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894). Covington v. Harris, 136 U.S.App.D.C. 35, 38, 39, 419 F.2d 617, 620–621 (1969). Jones v. Cunningham, 371 U.S. 236, 238–243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

16. Glazier v. Hockel, 440 F.2d 592 (9th Cir., 1971).

17. Stroud v. Swope, 187 F.2d 850 (9 Cir.), cert. den. 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627 (1951).

18. Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091, rehearing 137 U.S. App.D.C. 366, 424 F.2d 854 (1968). Matthews v. Hardy, 137 U.S.App.D.C. 39, 420 F.2d 607 (1969), cert. den. 397 U.S. 1010, 90 S.Ct. 1231, 25 L.Ed.2d 423.

19. Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1968).

20. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

21. Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).