**UNITED STATES of America**

v.

**Miklos Varga, Hans Christian Elley, Richard Theodore Jantos and Peter Armbruster.**

**Miklos VARGA, Appellant.**

**No. 19221.**

United States Court of Appeals, Third Circuit.

Argued Sept. 16, 1971.

Decided Oct. 19, 1971.

John P. Scozzari, Pellettieri & Rabstein, Trenton, N. J., for appellant.

Stanley W. Kallman, Asst. U. S. Atty., Newark, N. J., (Herbert J. Stern, U. S. Atty., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Miklos Varga appeals from his conviction of bank robbery in violation of 18

U.S.C. § 2113. His contentions are bottomed on alleged violations of the Sixth Amendment: first, the ten-month delay between indictment and trial violated his right to a speedy trial; second, he had ineffective assistance of counsel.

Four factors are considered when deciding whether a violation of the right to a speedy trial has occurred: "The length of the delay; the reason for the delay; the prejudice to the defendant; and waiver by the defendant." United States v. Taddeo, 434 F.2d 228, 229 (2d Cir. 1970), cert. denied 401 U.S. 944, 91 S.Ct. 957, 28 L.Ed.2d 226 (1971). A careful examination of the record indicates that none of these factors was present in a way which would violate the right to a speedy trial. Varga was represented by counsel at his appearance before the United States Commissioner and at his arraignment in July, 1969. He at no time stated that he wished to discharge counsel and have the court appoint a lawyer for him. Although the trial date was postponed from March 3, 1970 to April 21, 1970, because of the death of an FBI investigator, the only other delay which occurred in this case was at the behest of Varga. Based on these facts, we find no merit to Varga's claim that he was denied a speedy trial.

Varga next contends that counsel at trial was ineffective. When the trial was called on April 21, Varga indicated that he did not trust his lawyer and desired time in which to secure other counsel. The trial court granted him one week to do so. When Varga did not respond, the court appointed a lawyer for him on May 7, 1970. In addition, the Government opened its files to Varga's counsel for the twelve-day period prior to trial. The burden is on Varga to demonstrate that his counsel gave him inadequate representation. Moore v. United States, 432 F.2d 730 (3d Cir. 1970). We find no reference in his brief or in the record to any mistake or other possible misconduct committed by his court-appointed attorney.

Having been unsuccessful in his attempt to demonstrate that his right to a speedy trial was violated or that his counsel was inadequate, Varga's appeal must fail. The judgment of the district court will be affirmed.