**UNITED STATES of America**

**v.**

**Robert RICKUS and Dennis Nazarok.**

**Crim. No. 70–399.**

United States District Court,
E. D. Pennsylvania.

Jan. 26, 1972.

See also, D.C., 351 F.Supp. 1386.

U. S. Atty. Louis C. Bechtle, Asst. U. S. Atty. John F. Penrose, for the Government.

Bernard L. Segal, of Segal, Appel & Natali, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Presently before this Court is the Motion of defendant, Dennis Nazarok, to Dismiss the Indictment in the above captioned criminal action for denial of a speedy trial. Defendant Nazarok, along with co-defendant Robert Rickus, stands accused of an armed robbery of the Davisville, Pennsylvania Branch of the Federally insured Girard Bank.

The defendant was arrested as was his co-defendant on June 19, 1970 the same day that they allegedly robbed the bank. The government indicted them on July 15, 1970. On August 3, 1970, counsel for the defendants submitted motions for suppression of evidence on which an evidentiary hearing was held by the court for three days beginning November 25, 1970. The transcript of this hearing was filed on June 3, 1971. Subsequently, the defendants' Memorandums of Law in Support of their Motions were filed on July 27, 1971 and the Government's Memorandum of Law in opposition was submitted in November, 1971. The Court denied the motions to suppress on January 10, 1972, 351 F.Supp. 1379. The case is set for trial on January 27, 1972.

■■ Whether the defendant's Sixth Amendment right to a speedy trial has been violated depends upon "all the facts and circumstances of the individual case." United States ex rel. Bennett v. Rundle, 419 F.2d 599 (3rd Cir. 1969). See also Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Three important factors to be considered in the evaluation of defendant's position are (1) the length of the delay, (2) the reason for the delay, and (3) the prejudice caused to the defendant by the delay. See United States v. Taddeo, 434 F.2d 228 (2nd Cir. 1970), cert. denied 401 U.S. 944, 91 S.Ct. 957, 28 L.Ed.2d 226.

■ In the case at bar, approximately 18 months will have passed between the date of arrest and the date of trial. Most of this time was absorbed in the consideration of defendant's motion for suppression of evidence. The passage of 18 months between the time of the arrest and the time of trial does not of itself demonstrate a violation of a defendant's right to speedy trial. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965). We must therefore turn to see if other factors when combined with the time delay together demonstrate prejudice.

■■ In considering the reason for the delay, we must specifically decide whether it was caused by some purposeful or oppressive government action. United States v. Fitzpatrick, 437 F.2d 19 (2nd Cir. 1971). Clearly the facts show that in this case it was not. The event that opened the way for the delay was defendant's motion for suppression of evidence. A hearing was duly held but then seven months passed before the transcript was filed due to the chronic illness of the Court Reporter. Because he took notes by the archaic Pitman method, it was impossible for the Court to order another reporter to make a transcription. The very eminent and capable reporter Mr. Ephraim Homan has since died. After repeated importuning by the Court, the transcript was filed but the Memorandums of Law were not promptly submitted by either side, although it is true that the wait for the government's was longer than the wait for the defendant's. Our review of the

facts does not show any government plan or purpose behind the delay, nor significantly does the defendant himself make such a claim either. We find therefore that the reasons for the delay do not support defendant's motion.

Defendant makes no claim that the delay was prejudicial to him in any way. He does not contend that bringing him to trial over a year and a half after the arrest will interfere with his ability to defend the charges. Were there such prejudice, we would have expected defendant's co-defendant, Rickus, to have filed the same motion since he is represented by the same firm of attorneys and since the delay similarly affects him. We find nothing in this regard that supports defendant's motion.

Defendant was affected only in one way by the delay. He has been forced by his inability to make bail to stay in jail from the time of his arrest. However, as unpleasant as the jails of America are, we do not believe that this one fact alone or in combination with the length of the delay, which is in itself a weak argument, outweighs society's interest and right in trying him for the crime of which he stands accused.

Defendant's motion is denied.

See also D.C., 351 F.Supp. 1384.