**Augustus HUNT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 19564.

United States Court of Appeals,
Third Circuit.

Submitted Dec. 6, 1971.

Decided Feb. 7, 1972.

Augustus Hunt, pro se.

Joseph F. Audino, Asst. U. S. Atty., Camden, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, ALDISERT and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Augustus Hunt, initiated a post-conviction proceeding by a pro se motion pursuant to 28 U.S.C. § 2255 which was denied.[1]

Hunt was convicted of violations of Federal statutes arising out of an operation of a liquor distillery.[2] His convic-

---

1. On October 16, 1970 Judge Mitchell H. Cohen ordered that "the petition of Augustus Hunt to set aside his conviction and sentence is without merit and is dismissed hereby." The judge noted that "no demand for acceleration of a trial date was made by petitioner after his indictment in 1967 and that in fact there was no unreasonable delay, nor was petitioner prejudiced by any delay."

2. The indictment charged: engaging in the business of a distiller without having registered and given bond, violations of 26 U.S.C. § 5601(a) (2) and (4), respectively; fermenting mash fit for distillation on premises other than an authorized distillery in violation of 26 U.S.C. § 5601 (a) (7); engaging in such a business with intent to defraud the United States of tax in violation of 26 U.S.C. § 5602; and violating 26 U.S.C. § 5681(c) by working in a distillery on which a proper sign was not placed. Hunt was convicted on all counts and sentenced.

tions were affirmed by this court, 419 F.2d 1 (1969) cert. denied 397 U.S. 1016, 90 S.Ct. 1250, 25 L.Ed.2d 430 (1970).

Appellant now claims that he was denied his Sixth Amendment right to a speedy trial prior to and after indictment. This issue was not raised before, during, or after trial, nor in the direct appeal.

 The Government contends that Hunt cannot assert a denial of a speedy trial on a § 2255 motion when the issue was not raised at the trial level or on appeal. We disagree. A Federal post-conviction court has the power to adjudicate the merits of constitutional claims. The question is whether the case is one in which refusal to exercise that power would be appropriate. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).[3]

The background facts leading to Hunt's convictions are essential for a proper determination on the speedy trial issue. On August 10, 1966 the Government authorities raided a still operated by Josiah Hardy, appellant's co-defendant.[4] Hardy identified Hunt from photographs provided by a federal agent within two or three days after the raid. Hunt was not present on the date of the raid. Hardy was indicted on December 13, 1966 and entered a plea of not guilty on January 6, 1967. He changed his not guilty plea to guilty on May 9, 1967, and was sentenced on July 7, 1967 to five years probation with supervision.

Hunt was indicted on March 7, 1967 and subsequently entered a plea of not guilty on March 17, 1967. He was tried on February 13, 1968 and as previously stated was found guilty on all five counts on February 14, 1968. There was approximately a seven month span between the time the alleged crimes were committed on August 11, 1966 and the indictment date of March 7, 1967.

Hunt contends that there was no justifiable reason for waiting approximately seven months before he was indicted. He advances the thesis that he was available and the Hardy family testimony was "within the knowledge of the government within a few days after Hardy's arrest." However, Hunt's associate Hardy did not plead guilty until May 9, 1967, several months after Hunt was indicted. The cooperation of Mr. Hardy was important to the Government's case. Obviously he could not be compelled to be a government witness. "Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966).

In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the court said:

"it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protections of speedy-trial provision of the Sixth Amendment."

\* \* \* \* \* \*

"Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself.

---

3. Cf. footnote 3, Kaufman, supra, p. 220, 89 S.Ct. 1068; United States v. Rollerson, 308 F.Supp. 1014, 1016–1017 (D.D.C. 1970) ; Taylor v. United States, 134 U.S.

App.D.C. 246, 414 F.2d 1142, 1145 (1969) concurring opinion.

4. So designated by Appellant in his brief, p. 2.

But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case." P. 320, 92 S.Ct. p. 463

■ The court concluded that any rights under the Sixth Amendment or F.R.Crim.P. 48(b) do not attach to a pre-indictment or pre-arrest delay. The effect of *Marion* is well summarized in United States v. Dukow, 453 F.2d 1328 (1972).

Finally, was the time between the indictment and the trial of Hunt such a delay as is subject to the speedy trial safeguard? The indictment was returned March 7, 1967. He was tried on February 14, 1968 eleven months later.

■ Appellant was not in custody or incarcerated as a result of the indictment. His liberty and freedom were not restrained or impaired. An indictment should not be dismissed unless there has been deliberate or oppressive action by law enforcement officials. The record has failed to demonstrate or disclose bad faith, purposeful delay, oppressive action or material prejudice. In Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), Mr. Justice Brennan, in his concurring opinion, discussed the role of prejudice in speedy trial determinations. He concluded that:

"The discharge of a defendant for denial of a speedy trial is a drastic step, justifiable only when further proceedings against him would harm the interests protected by the Speedy Trial Clause. Thus it is unlikely that a prosecution must be ended simply because the government has delayed unnecessarily without the agreement of the accused." (at 52, 90 S.Ct. at 1576)

■ This court in United States v. Varga, 449 F.2d 1280 (1971) held that a ten-month delay between indictment and trial did not violate a defendant's right to a speedy trial. The holding is apposite to the case in hand. "Four factors are considered when deciding whether a violation of the right to a speedy trial has occurred: 'The length of the delay; the reason for the delay; the prejudice to the defendant; and waiver by the defendant.' United States v. Taddeo, 434 F.2d 228, 229 (2d Cir. 1970), cert. denied 401 U.S. 944, 91 S.Ct. 957, 28 L. Ed.2d 226 (1971). A careful examination of the record indicates that none of these factors were present in a way which would violate the right to a speedy trial."

The order of the trial court dismissing appellant's petition will be affirmed.