UNITED STATES of America,
Appellant,

v.

Roger A. MELNICK et al.

No. 71–1571.

United States Court of Appeals,
Third Circuit.

Submitted under 3rd Cir. Rule 12(6)
Dec. 16, 1971.

Decided Feb. 15, 1972.

As Amended May 18, 1972.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., on the brief), for appellant.

Dennis H. Eisman, Philadelphia, Pa., for appellees.

Before BIGGS, VAN DUSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

■ This appeal challenges a final May 11, 1971, district court order dismissing a January 28, 1971, indictment charging in four counts possession and sale of narcotic drugs, in violation of 21 U.S.C. § 331(q) (3) (A) and 21 U.S.C. § § 331(q) (3) (A) and 21 U.S.C. § 331(q) (2), as well as aiding and abetting, on or about July 30, 1968, where defendants were arrested for such alleged federal crimes on July 31, 1968.[1]

1. The May 11, 1971, order granted the Government's Motion for Leave to File Answer and for Reconsideration of an April 21, 1971, district court order, granting the defendants' Motion to Dismiss the indictment. The Answer filed by the Government contained a denial of the defendants' allegation of "irreparable damage in that defendants' ability to present a defense and procure witnesses on their behalf has been substantially impaired." However, treating the Government's Motion for Reconsideration as a motion to vacate the order of April 21, 1971, the district court denied the motion. The April 21, 1971, order of the district court relied on the due process clause, in quoting from this court's opinion in United States v. Feld-

On December 20, 1971, subsequent to the district court order, the Supreme Court of the United States announced a decision which applied the Fifth and Sixth Amendments, as well as F.R.Crim.P. 48(b), to a case involving a delay of over three years between a federal agency cease and desist order and an indictment. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In *Marion* the Supreme Court discussed the Sixth Amendment in the following terms:

> "Inordinate delay between arrest, indictment and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his asso-

ciations, subject him to public obloquy and create anxiety in him, his family and his friends. . . . So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy-trial provision of the Sixth Amendment." 404 U.S. at 320, 92 S.Ct. at 463.

Thus, it would appear that if a defendant is arrested for a federal crime for which he is subsequently indicted, such defendant would have become an "accused" within the meaning of the Sixth Amendment on the date of this arrest. See 404 U.S. at 318–19, 321–323, 325, 92 S.Ct. 455, 30 L.Ed.2d 468. However, the Court in Marion declared that there was not need to "press the Sixth Amendment into service" with respect to a "pre-accusation" delay, since the interests of a defendant in these circumstances are adequately protected by statutes of limitation and the due process clause of the Fifth Amendment.[2] See 404 U.S. at 323–325, 92 S.Ct. 455, 30 L.Ed.2d 468. In connection with the latter protection,

man, 425 F.2d 688, 691 (1970), as follows:

> "We agree with the recognition in Ross v. United States, . . . that, in treating a defendant's claim of prejudicial delay, his rights under the due process clause must be determined by a balance between the need of law enforcement officials to delay prosecution and the prejudice to the defendant caused by this delay: . . ."

We note that the primary concern of the *Ross* case, referred to by this court in *Feldman, supra,* and in the quotation from that case by the district court, was the seven-month delay between the alleged crime and the filing of any complaint against him "although . . . appellant was continuously available for arrest," whereas in this case the defendants were warned of criminal prosecutions by the prompt arrest of July 31, 1968. The defendants were released on bail or their own recognizance apparently on or shortly after the date of such arrest.

The district court's order was appealable under 18 U.S.C. § 3731. See United

States v. Marion, 404 U.S. 307, 311 n. 2, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

2. The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States included this language in its Advisory Committee Note to Alternative Draft No. 2 of Proposed Revised Rule 45 of the Federal Rules of Criminal Procedure published March 31, 1971 (p. 10):

> "No time limit is established for the period between the preliminary examination and the return of an indictment or the filing of an information. This is the period during which a case is presented to the grand jury for its consideration. . . . The length of this time period is left to the sound discretion of the individual district courts on the assumption that each district court will prescribe, by local rule or otherwise, a method of insuring that cases are brought before the grand jury as promptly as is possible."

Cf. United States v. Carosiello, 439 F.2d 942, 943 n. 3 (3d Cir. 1971).

the Court pointed out at 404 U.S. 324, 92 S.Ct. 455, 30 L.Ed.2d 468:

"Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was a purposeful device to gain tactical advantage over the accused. *Cf.* Brady v. Maryland, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963); Napue v. Illinois, 360 U.S. 264 [79 S.Ct. 1173, 3 L.Ed.2d 1217](1959). However, we need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the dismissal of the prosecution. Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution. To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case. It would be unwise at this juncture to attempt to forecast our decision in such cases."

Since that decision, this court has handed down a decision considering a motion to dismiss for undue delay in a criminal prosecution. See United States v. Dukow, et al., 453 F.2d 1328 (3rd Cir.); *cf.* Hunt v. United States, 456 F.2d 582, (3rd Cir.); United States v. Varga, et al., 449 F.2d 1280 (3rd Cir.).

■ In view of these recent decisions, we have concluded that the above-mentioned district court orders should be vacated and the case remanded for a hearing on the issues presented under the Fifth and Sixth Amendments and F.R.Crim.P. 48(b) by the delay in this criminal prosecution in light of such decisions and the authorities cited in them. See United States v. Feldman, 425 F.2d 688, 692 at note 10 (3rd Cir. 1970);

United States v. Childs, 415 F.2d 535, 536–537 (3rd Cir. 1969).

The district court orders of April 21, 1971, and May 11, 1971, will be vacated and the case remanded to the district court for further proceedings in accordance with this opinion.