**Donald B. LEWIS, Petitioner,**

v.

**Douglas STEMPSON, Respondent.**

**Civ. A. No. 90–0592–GHR.**

United States District Court,
District of Columbia.

May 4, 1990.

---

Harry Toussaint Alexander, Jr., Asst. Corp. Counsel, D.C., Correctional Litigation Section, Washington, D.C.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to petitioner's Petition for Writ of Habeas Corpus and the Respondent's Response to the Court's Order to Show Cause.

### A. *Background*

Petitioner Donald B. Lewis is currently incarcerated at the Maximum Security Facility, Lorton, Virginia. He is in service of a term of imprisonment pursuant to four Superior Court of the District of Columbia, Judgment and Commitment Orders. Petitioner filed the instant action against Douglas Stempson, the administrator of the Maximum Security Facility, alleging that he has been held illegally, on administrative segregation, in cell block 3 of the Maximum Security Facility which he claims is in violation of his first, fifth and eighth amendment rights because he is being held in his cell 23½ hours a day during the week and 24 hours a day on the weekend, and denied access to outside recreation, educational and religious programs. This Court dismisses the petitioner's Petition for failure to exhaust administrative remedies and mootness.

### B. *Failure to Exhaust Administrative Remedies*

A prisoner in custody pursuant to a state court judgment must exhaust his state remedies before applying for a writ of habeas corpus in the federal system. 28 U.S.C. § 2254 provides, in pertinent part:

(b) An application for a Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The District of Columbia provides the petitioner with a sufficient remedy by which to protest the lawfulness of his confinement in the first instance. D.C.Code § 16–1901 provides:

(a) A person committed, detained, confined, or restrained from his lawful liberty within the District, under any color or pretense whatever, or a person on his behalf, may apply by petition to the appropriate court, or a judge thereof, for a writ of habeas corpus, to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into. The court or the judge applied to, if the facts set forth in the petition make a prima facie case, shall forthwith grant the writ, directed to the officer or other person in whose custody or keeping the party so detained is returnable forthwith before the court or judge.

(b) Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia.

(c) Petitions for writs directed to any other person shall be filed in the Superior Court of the District of Columbia.

As this Court has held in other cases interpreting D.C.Code § 16–1901, "petitions must be filed with the Superior Court if the petitions are for writs directed to the D.C. Board of Parole or to Lorton prison wardens, administrators or jailors, or if the peti-

tioner is not in federal prison for any reason—thus including almost all cases arising from a sentence of the Superior Court." *Fletcher v. Braxton,* Civil Action No. 88–2866–GHR (D.D.C. Nov. 7, 1988); *see also McCall v. Swain,* 510 F.2d 167, 182 (D.C. Cir.1975); *Washington–El v. Thornburgh,* Civil Action No. 89–0784–GHR, 1990 WL 93430 (D.D.C. Mar. 2, 1990); *Pittman v. Ridley,* Civil Action No. 89–2529–GHR, 1990 WL 93433 (Feb. 27, 1990); *Williams v. District of Columbia Board of Parole,* Civil Action No. 88–1924–GHR (D.D.C. Nov. 7, 1988); *Bland v. Rogers,* 332 F.Supp. 989 (D.D.C.1971).

It is undisputed that petitioner is a sentenced D.C. Code offender in service of a term of incarceration imposed by the District of Columbia Superior Court. Furthermore, he is serving his sentence at the Maximum Security Facility of Lorton which is maintained by the District of Columbia Department of Corrections. Accordingly, petitioner is required to make application to the Superior Court of the District of Columbia to test the legality of his confinement. Petitioner has failed to allege that he has filed any petitions, applications, or motions with respect to the instant claims.

### C. *Mootness*

The relief which petitioner seeks, to be transferred from cell block three, has been provided to petitioner and accordingly his claim is moot. He is currently assigned to cell block five which is a less restrictive protective custody housing unit where he is receiving communal activities, outside recreation and, in general, a greater opportunity to be out of his cell.

Accordingly, it hereby is

ORDERED that petitioner's Petition for Writ of Habeas Corpus be, and the same hereby is, DISMISSED.