UNITED STATES of America
v.
Albert N. DUKOW et al., Appellants.

Appeal of Thomas S. CROW.

Appeal of Saul BROURMAN.

Nos. 71-1292, 71-1293.

United States Court of Appeals,
Third Circuit.

Argued Nov. 16, 1971.

Decided Jan. 10, 1972.

Harold Gondelman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa. (Richard H. Martin, Pittsburgh, Pa., on the brief), for appellants.

Charles F. Scarlata, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., on the brief), for appellee.

Before GANEY, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Appellants, Crow and Brourman,[1] following a jury trial, were convicted on two counts of a nine count indictment charging violations of various portions of the federal securities laws. While they do not complain that there was insufficient evidence to support the verdict or that there was reversible error in the course of the trial, Crow and Brourman argue that their motions to dismiss the indictment should have been granted because of a violation of F.R.Crim.P. 48(b), their Sixth Amendment right to a speedy trial, and their Fifth Amendment due process rights.[2]

Crow and Brourman were officers in the brokerage firm of Crow, Brourman and Chatkin, Inc. In January, 1963, the Securities and Exchange Commission (SEC) began a routine, administrative examination of the operations of the firm, inspecting and copying the records relating to a number of securities transactions. Based on the information obtained, the SEC, in April, 1963, issued a Formal Order of Investigation. Pursuant to the order, hearings were held. Appellants, although they were first warned of their rights, testified, and as a result of the hearing an order for public proceedings was issued on August 23, 1963. Additional hearings covering approximately 3,000 pages of transcript commenced on November 19, 1963 and led to the filing of proposed findings on June 1, 1964 by the Division of Trading and Markets of the SEC, and a decision by the Hearing Examiner on November 18, 1964 recommending that the brokerage firm's registration be revoked. On April 1, 1965 oral argument was held before the SEC, which by order dated March 15, 1966, revoked the firm's license, finding that Crow and Brourman, among others, were the cause of the revocation.

During the three year period—from January, 1963 until March, 1966—the SEC considered criminal prosecution of Crow and Brourman with regard to the firm's stock transactions. Internal rules of the SEC required that prior to forwarding a file to the Department of Justice for the purpose of prosecution, the file should first be scrutinized by the Office of Criminal Reference of the SEC. The Washington Regional Office of the SEC initially communicated with the Office of Criminal Reference concerning this case on October 29, 1964. The Office of Criminal Reference decided that further investigation was necessary before criminal prosecution could be recommended to the Department of Justice. On March 6, 1966, an expanded report was sent to the Office of Criminal Reference. The SEC, after advice from that Office, on May 9, 1966, referred the file to the Department of Justice and the United States Attorney for the Western District of Pennsylvania. A Federal Grand Jury then indicted the defendants on March 7, 1968.

On August 16, 1968, Crow and Brourman moved to dismiss the indictments, and the motions were denied by Order dated March 25, 1970.[3] The trial com-

---

1. The defendant Abbott was acquitted by the jury, and Dukow has appealed separately.

2. Were we to agree with Crow and Brourman, their convictions would, of necessity be reversed and they would be released.

3. No claim of unconstitutional delay is made concerning the time between indictment and trial and we, therefore, focus on the period between the commencement of the SEC investigation and indictment.

menced on October 6, 1970, and after almost five weeks of testimony, the jury rendered its verdict of guilty on Counts 3 and 4 of the indictment.

The delay complained of by Crow and Brourman, consists of either 55 months—the time from the initiation of public administrative proceedings by the SEC to the date of the indictment—or 22 months—the time from the referral of the case from the SEC to the United States Attorney to the date of the indictment.

■ Before reaching the merits of the speedy trial argument, we must first determine whether any rights under the Sixth Amendment or F.R.Crim.P. 48(b) attach to a preindictment, pre-arrest delay—the only delay here in issue. In United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), the Court noted that "the applicable statute of limitations . . . is usually considered the primary guarantee against bringing overly stale criminal charges." The Fifth Circuit has gone so far as to hold that "Any delay between commission of the crime and indictment is controlled by the applicable statute of limitations."

In the very recent case of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), decided subsequent to the argument in this case, the Supreme Court stated, "In our view, however, the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' an event which occurred in this case only when the appellees [defendants] were indicted . . . ." *Id.* at 313, 92 S.Ct. at 459. The Court then went on to hold that F.R.Crim.P. 48(b) also has no application until the accused has at least been arrested. *Id.* 316, 92 S.Ct. 462. In light of this decision and *Ewell*, our inquiry on the speedy trial contention is at an end because the indictment in this case was handed down within the applicable period of limitations. Crow and Brourman are left, therefore, only with the contention that the delay was so long

that their Fifth Amendment rights to due process were violated.

■ The test to be applied in determining whether Crow and Brourman's Fifth Amendment rights have been violated must now be considered. They forcefully advance the proposition that when the delay prior to indictment has been excessive, a per se infringement has occurred. They argue that either the 55 months or the 22 months is excessive, and that the indictment should have been dismissed for this reason alone. The Supreme Court in United States v. Marion, *supra*, specifically refused to so extend the protection of the Fifth Amendment:

"[T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial . . . ." 404 U.S. 307 at 324, 92 S.Ct. 455 at 465.

The sole question now, therefore, is whether Crow and Brourman have shown substantial prejudice. They argue that the deaths of two potential witnesses have caused them harm. However, no offer was made concerning the substance of the testimony that the two deceased persons would have proffered. One was the sales manager of the firm's Florida office and the other was a sales representative in the Pittsburgh office. There was no indication that either of these individuals possessed any special knowledge of the transactions in question, and, in fact, during the trial, none of the surviving employees was called as a witness for the defense. Crow and Brourman, therefore, have failed to demonstrate substantial prejudice in this regard. Nor can they rely on dimmed memories to support their claim. United States v. Marion, *supra*, at 307, 92 S.Ct. 455. Although six cartons filled with documents were turned over to the SEC in March, 1964, neither appellant asked for their return or for the right to inspect them.

Moreover, the transcript of testimony from the SEC public hearings was always available. Under these circumstances we cannot say that the District Court erred in finding that Crow and Brourman had not been prejudiced by the delay.

Accordingly, the District Court's denial of the motion to dismiss the indictment was not incorrect, and the judgments will be affirmed.