**UNITED STATES of America,**
**Plaintiff,**

v.

**Daniel Gregory HANNA, Defendant.**

**Crim. A. No. 2228.**

United States District Court,
D. Delaware.

Sept. 15, 1972.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Walter L. Pepperman, II, and Robert F. Stewart, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

This case is before the Court on the defendant's motion to dismiss Count I of an indictment charging him with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312.

The undisputed facts relevant to the present motion may be summarized as follows: On December 30, 1970, the defendant allegedly transported a stolen motor vehicle from Riverton, New Jersey to Wilmington, Delaware. On April 13, 1971 the defendant was arrested

without a warrant on this charge by a Special Agent of the F.B.I. and immediately brought before the Court for a Rule 5, F.R.Crim.P. proceeding. At the hearing a complaint was filed charging the defendant with the December 30th offense, the defendant was advised of his rights, counsel was appointed for him and he was released on his own recognizance. No further action with respect to defendant's prosecution on this charge occurred until March 14, 1972 when a second complaint was filed charging the defendant with a second offense of interstate transportation of a stolen motor vehicle on March 7, 1972 from West Palm Beach, Florida to Wilmington, Delaware in violation of 18 U.S.C. § 2312. Thereafter, on March 20, 1972 a two count indictment was returned against the defendant by the Grand Jury. Count I related to the December 30, 1970 violation and Count II related to the March 7, 1972 violation.

The defendant contends that the 11 month delay in presenting the first offense to the Grand Jury was unnecessary and deliberate on the part of the Government, so that his right to a speedy trial under the Sixth Amendment was violated, requiring dismissal of Count I under Federal Rule of Criminal Procedure 48(b).[1]

■ The Sixth Amendment right to a speedy trial is activated when "the putative defendant in some way becomes an 'accused'." United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971); and the putative defendant becomes an "accused" where there "is either a formal indictment or information or else [there are] the actual restraints imposed by an arrest and holding to answer a criminal charge." United States v. Marion, *supra* at 320, 92 S.Ct. at 463. This status as an "accused" occurred in the instant case when the defendant was arrested and held to answer the criminal charge on April 13, 1971. Thus, the relevant period for measuring the Government's delay in acting is from April 13, 1971, when the defendant was arrested and the complaint filed, to March 20, 1972, when the indictment was returned.[2]

■ In determining whether in fact a violation of the right to a speedy trial has occurred, four factors are to be taken into account: (1) the length of the delay; (2) the reason for the delay; (3) the prejudice to the defendant; (4) possible waiver by the defendant. United States v. Varga, 449 F.2d 1280 (C.A. 3, 1971).

1. The length of the delay.

■ The indictment on the first offense was returned on March 20, 1972 almost a year after defendant's arrest on April 13, 1971. The Court is of the opinion that standing alone, a hiatus of one year from arrest to presentment to the Grand Jury is not *per se* excessive. Only in instances where the period is extremely long will length of delay alone be presumptively excessive.

Delays in the range of one year have been deemed excessive only under the peculiar circumstances of the individual cases. For example, in Woody v. United

---

1. Rule 48(b), F.R.Crim.P. provides:
"(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

2. Counsel for defendant contends that the relevant period for measuring delay should run from December 30, 1970, the date of the alleged offense, to March 20, 1972. However, there is no requirement that the

Government discover, investigate and accuse any person within any particular period of time. "There is no constitutional right to be arrested." Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966). Only when a person is actually "accused" in the course of a criminal prosecution does the Sixth Amendment right activate. Thus the relevant period commences upon the Government's first formal action against the defendant, when the defendant was arrested and held to answer the charge. United States v. Marion, *supra*.

States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966), the court found that a four month delay was excessive since as a result of the delay the defendant was unable to remember the day of the crime. In other instances courts have found delays of greater than a year not excessive under appropriate circumstances. Suffice to say that a delay of 11 months as occurred here, while not *per se* excessive, may become excessive in light of the other relevant factors. Barker v. Wingo, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972).

2. The reason for the delay.

Upon the defendant's arrest on April 13, 1971, he was questioned by Government agents who told him that he would not be prosecuted for the December 30, 1970 offense if he gave a statement implicating another individual by the name of Fred J. Door, also known as Fred J. Dutenburg, with a possible federal offense and cooperated in the latter's prosecution in the United States District Court for the District of Maryland.

█ Aside from several conferences with Government agents in regard to testifying against Door,[3] the defendant had no other contact with the Government regarding the charge against him until the second complaint was filed almost a year later. Thus the sole reason for the delay in returning the indictment was the Government's failure to present the case to the Grand Jury for 11 months. The defendant engaged in no dilatory tactics. Moreover, this was not an instance where the Government needed that much time to prepare its case against the defendant. The delay was deliberate and intentional by the Government, for its own benefit and for reasons wholly unrelated to its case against him. The Government simply used the threat of an indictment in order to induce the defendant to testify against Door in a different prosecution in another federal court.[4] Holding the threat of a potential indictment over the defendant's head in order to insure his cooperation in the prosecution of a federal offense against a different individual in another jurisdiction is not a valid or legitimate reason for the Government to delay almost a year in returning an indictment against the defendant after he was arrested and held on the initial charge. The delay here involved was entirely for the Government's benefit in the prosecution of another criminal action and cannot be justified when balanced against the defendant's right to a speedy trial guaranteed by the Sixth Amendment.

3. Prejudice to the defendant.

No showing has been made that the defendant was prejudiced by the delay. On its face at least, the defense to a prosecution for interstate transportation of a stolen vehicle would not involve such complexity of detail that a delay of one year would be prejudicial. Justice Brennan suggested a test for prejudice in his concurring opinion in Dickey v. Florida, 398 U.S. 30, 55, 90 S.Ct. 1564, 1577, 26 L.Ed.2d 26 (1969):

"When the Sixth Amendment right to speedy trial is at stake, it may be . . . realistic and necessary to assume prejudice once the accused shows that he was denied a rapid prosecution.

3. After his release on April 13, 1971, the defendant was questioned several times by Government agents about testifying against Door. In December of 1971, defendant at the Government's request went by himself to Baltimore, Maryland to confer with the United States Attorney for the District of Maryland, where Door was to be prosecuted. A few weeks later defendant again went to Baltimore to testify against Door at his trial, but discovered on arrival that Door had jumped bail.

He was told by F.B.I. agents that they would be in touch with him again when they caught Door.

4. This purpose was in fact served since the defendant fully cooperated with the Government in its prosecution of Door up to the time Door jumped bail. The defendant has made no claim that the indictment violated any bargain made by the Government, and so the Court has not considered the issue.

The difficulty in such an approach, of course, lies in determining how long a prosecution must be delayed before prejudice is assumed. It is likely that generalized standards would have to be developed to indicate when during the course of a delay there arises a probability of substantial prejudice. Until delay exceeds that point, the burden most probably would remain on the accused to show that he was actually harmed."

■ Taking that approach as a guide the Court finds that the delay of 11 months is not of such length as to give rise to a probability of substantial prejudice. That being so, the burden remains on the defendant to show prejudice, and none having been shown, the Court concludes that no real prejudice has resulted from the delay.

4. Possible waiver by the defendant.

■■ The Government contends that the failure by the defendant to demand an indictment and trial serves as a waiver of his right to a speedy trial. Under the "demand-waiver" doctrine a defendant must make a timely demand for a speedy trial or else he will be presumed to have acquiesced in the delay. *See, e. g.*, United States v. Della Rocca, 338 F. 2d 525 (C.A.2, 1968), vacated and remanded on other grounds, 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 274 (1968). Recently, however, the Supreme Court has stated that presuming a waiver of the fundamental right to a speedy trial from mere inaction is impermissible, and that courts should indulge every reasonable presumption against waiver. Barker v. Wingo, *supra* at 525–26, 92 S. Ct. 2182. This is particularly appropriate under the unusual circumstances of this case, where to interpret the defendant's silence as acquiescence of the delay would be unrealistic. The concept of waiver refers to a situation where the defendant is aware that there has been a delay in moving his case through successive stages to trial and by his inaction he accepts that delay. In the present case, the defendant was told by Government agents that he would not be prosecuted if he cooperated with them in the federal prosecution of another person. He did cooperate to the extent he was able, and so he reasonably believed that the Government would not prosecute him on the first offense. The defendant did not view the lull as a delay in coming to trial. He assumed there was to be no indictment or trial at all on the December 1970 offense. Having been given that impression, the defendant was content to take no action, and his failure to demand a timely indictment or trial under those circumstances did not amount to a waiver of his right to a speedy trial.

■ Because the 11 month delay in returning the indictment was at the instigation of the Government to serve as an incentive for the defendant to testify in the trial of another, a reason unconnected with, and unnecessary to, the preparation of the Government's case against the defendant and because he can not be held under the circumstances to have acquiesced in that unnecessary delay, the Court concludes that the defendant's Sixth Amendment right to a speedy trial was violated and Count I of the indictment should be dismissed.