**UNITED STATES of America,
Appellee,**

v.

**Joseph TAYLOR, Appellant.**

**No. 72–1162.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 3, 1972.

Decided Nov. 3, 1972.

Cecil B. Moore, Philadelphia, Pa., for appellant.

Barton A. Hertzbach, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant Joseph Taylor was convicted of selling stolen motor vehicles in viola-

tion of 18 U.S.C. § 2313. After the jury had been discharged, the presiding judge became ill and was unable to rule on appellant's motions for a new trial or for a judgment of acquittal. Pursuant to Rule 25(b) of the Federal Rules of Criminal Procedure, a new judge ruled on these motions. United States v. Taylor, 334 F.Supp. 1050 (E.D.Pa.1971). Appellant now presents eleven grounds for reversal, nine of which were dealt with by the district court. For the reasons given therein, we affirm the opinion of the district court on those issues.

 Appellant presents two arguments here for the first time. The first is that it was incorrect for the new judge to rule on appellant's post-trial motions. Appellant has not supported this argument with a showing of the prejudice that would require us to grant a new trial.[1] *See* Carbo v. United States, 314 F.2d 718, 749 (9th Cir. 1963); Connelly v. United States, 249 F.2d 576, 579 (8th Cir. 1957), cert. denied 356 U.S. 921, 78 S.Ct. 700, 2 L.Ed.2d 716 (1958).

Appellant's second argument is that his rights to a speedy trial and to due process were violated by the delays between the commission of the offenses and his arrest, between his arrest and indictment, and between his indictment and trial.[2] Appellant has not shown the specific prejudice necessary for us to hold that he was deprived of his right to due process because of the time span between his commission of the crimes and his arrest. *See, e. g.,* United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); United States v. Dukow, 453 F.2d 1328 (3d Cir. 1972). Nor has he demonstrated any specific prejudice caused by the time span between his arrest and his indictment, while the Government has presented a valid reason for the differential—the necessity for extensive preparation in what was a fairly complex case. The lack of specific prejudice and a valid government reason for the "delay" lead us to the conclusion that appellant was not denied a right to a speedy trial. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972). Finally, from the record it appears that the delays between indictment and trial were caused by appellant's own maneuvering. He therefore cannot complain that this delay denied him a right to a speedy trial.

The judgment of the District Court will be affirmed.

---

1. Additionally, appellant's trial counsel did not object to the new judge's ruling on appellant's post-trial motions. Apparently, he felt that in the context of this case it was not necessary for the judge to have presided at the trial to be able to rule adequately on these motions.

2. Alleged crimes

| | |
|---|---|
| committed | —December 22, 1967 through September 9, 1968 |
| Arrest | —September 4, 1968 |
| Indictment | —May 20, 1969 |
| Trial | —June 8, 1970 |