**UNITED STATES of America**
v.
**Francis Harry BROWN et al.**
Crim. No. 72–519.

United States District Court,
E. D. Pennsylvania.

Feb. 20, 1973.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

F. Emmett Fitzpatrick, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This case comes before the court on defendant's motion for dismissal of the indictment for lack of a speedy trial.

Defendant, Francis Harry Brown, was arrested on September 29, 1971, and charged with violations of 18 U.S.C. Sections 371, 500 and 641, offenses relating to the theft of some 9500 blank U.S. Postal Money Orders. He was not indicted until September 15, 1972. It is Brown's contention that as a result of the delay of approximately one year between arrest and indictment he has suffered such substantial prejudice as to necessitate a dismissal of the indictment for lack of a speedy trial.

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set out some of the considerations to be taken into account on an "ad hoc" basis when determining Sixth Amendment speedy trial issues: (1) defendant's assertion of his right; (2) the length of the delay; (3) the prejudice to the defendant; and (4) the reason for the delay. See also United States ex rel. Stukes v. Shovlin, 464 F.2d 1211, 1214 (3rd Cir. 1972).

I will consider each of these factors as it relates to this case.

1. *Defendant's assertion of his right to a speedy trial.*

Defendant has fulfilled any obligation which may be his in this respect.

A timely pre-trial motion asserting his right is the basis for this opinion. Although it might be argued that Brown should have inquired as to the status of his case subsequent to his arrest, as a practical matter it would be unusual for a defendant in a criminal case to do so. I conclude therefore that the defendant has not acquiesced to the delay nor waived his right to have the charges against him disposed of promptly.

### 2. The length of the delay.

 Defendant was arrested on September 29, 1971, and indicted September 15, 1972. While the length of the delay is the least conclusive of the four factors identified in *Barker*, a hiatus of 50 weeks requires evaluation of the reasons advanced by the defendant to show prejudice and those stated by the prosecution by way of explanation for not proceeding with greater speed.

### 3. Prejudice to the defendant.

The primary prejudice which Brown alleges is the intervening death of one Marvin "Babe" Chuvian whom Brown asserts would have been able to testify in his behalf. Chuvian was allegedly extensively involved in the criminal activities for which Brown was indicted. Brown further asserts that because of the delay several of his co-defendants are fugitives.[1] The thrust of this argument is that if Chuvian and these co-defendants were available, they would provide testimony which would be helpful to defendant's case.

 The prejudice that results from the death or disappearance of witnesses is one that is recognized in *Barker*, supra, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d 101. However, the degree of harm must be evaluated in each instance. For example, the death of a character witness whose only testimony would be to show past good reputation cannot be equated with the death of an alibi witness whose testimony, if accepted, provides an absolute defense. In the instant case, the defendant would have me believe that if Chuvian had lived he would have exculpated Brown by inculpating himself. I consider this possibility to be highly speculative at best. It can be argued with equal force that Chuvian would have provided evidence against Brown. In my experience, one co-defendant is more likely to testify against another than to shoulder all the blame so that the other may go free. Thus, while I recognize that Brown may have been prejudiced by Chuvian's death, I find it necessary to balance this possibility against the reasons advanced by the government to explain the delay.

### 4. The reason for the delay.

At a hearing held in connection with this motion, the government presented evidence to show that the time following the defendant's arrest and before his indictment was used to investigate the extent of the crime and persons who might have been involved. Numerous individuals from several states were interviewed and statements taken from them. Informers were contacted. In addition, there were documents that had to be examined, fingerprints to be analyzed, and handwriting exemplars prepared for comparison. Attempts were made to recover the stolen money orders not yet cashed or otherwise accounted for. Even now, the investigation is not complete.

The defendant cites *United States v. Hanna*, 347 F.Supp. 1010 (D.Del.1972), in which an indictment was dismissed on Sixth Amendment grounds. However, that case is readily distinguishable on its facts. In *Hanna*, the government used the threat of an indictment, over an eleven month period, to compel the defendant to testify against a third person in a different prosecution in another federal court. Thus, the delay was en-

---

1. This may have been true at the time of the hearing on this motion, February 5, 1973. However, by February 15, 1973, two of the co-defendants, Joseph Dunham and Albert Speer, were in custody. M. B. Terrell was already in custody so that only Paul Seldon is still a fugitive.

tirely for the benefit of the government and could not "be justified when balanced against the defendant's right to a speedy trial guaranteed by the Sixth Amendment." 347 F.Supp. at 1013.

The dismissal of an indictment is a severe remedy. It means that a defendant who may be guilty of a serious crime will go free without having been tried: Barker v. Wingo, 407 U.S. at 522, 92 S.Ct. at 2188, 33 L.Ed.2d 101. In the instant case, dismissal is not warranted when the possible prejudice to the defendant is balanced against the government's need to investigate fully the events in question. I conclude Brown has not been denied his Sixth Amendment right to a speedy trial. See United States v. Taylor, 469 F.2d 284 (3rd Cir. 1972); United States ex rel. Stukes v. Shovlin, 464 F.2d 1211 (3rd Cir. 1972).