**UNITED STATES of America**

**v.**

**Foster MOORE.**

**Crim. No. 74–291.**

United States District Court,
E. D. Pennsylvania.

July 15, 1974.

See also D.C., 368 F.Supp. 989.

Gilbert J. Scutti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Andrew S. Price, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

DITTER, District Judge.

This case comes before the court on a motion to dismiss an indictment for lack of a speedy trial.

Defendant, Foster Moore, was indicted on May 21, 1974, as a result of an offense allegedly committed more than a year before, May 1, 1973. He contends that his Fifth and Sixth Amendment rights were prejudiced as a result of the time which passed.

While no evidence was offered by either the defendant or the government it was stipulated that one James Harris had died in the interim between May 1, 1973, the day of the crime, and July 12, 1974, the day of the hearing on defendant's present motion. Counsel for Moore argued that Harris would have been a witness for the defendant. Just when Harris died was not stated. It could have been May 2, 1973, the day after the offense—or any time thereafter. Thus, there is no way to know whether he would have been available or not had the trial been held more promptly.

There was no statement as to the nature of what Harris' testimony would be—or how he came into possession of the facts that may have been helpful to Moore's defense. In short, there was nothing upon which even a speculation of prejudice could be based —much less any finding. The death of a possible potential witness, without more, does not justify the dismissal of an indictment. United States v. Dukow, 453 F.2d 1328, 1330 (3rd Cir.), cert. denied, 406 U.S. 945, 92 S.Ct. 2042, 32 L. Ed.2d 331 (1972); United States v. Brown, 354 F.Supp. 1000 (E.D.Pa.1973).

A delay in prosecuting a defendant for a year after the offense does not constitute prejudice per se. United States v. Benson, 487 F.2d 978, 985 (3rd Cir. 1973); United States v. Dukow, supra; United States v. Hanna, 347 F. Supp. 1010, 1014 (D.Del.1972); United States v. Tate, 336 F.Supp. 58, 62 (E.D.Pa.1971). This is particularly true since defendant knew he was the subject of an investigation. See United States v. Feldman, 425 F.2d 688 (3rd Cir. 1970). The defendant having failed to establish any prejudice, there was no infringement of his Due Process rights under the Fifth Amendment.

Possible prejudice under the Sixth Amendment is considered only on the basis of the time that has elapsed since the defendant formally became an "accused," which did not occur until the indictment was returned less than two months ago. United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). Obviously there has been no denial of Sixth Amendment rights in such a short period, and there is no merit in defendant's argument.