See also D.C., 378 F.Supp. 990.

**UNITED STATES of America**

v.

**Acie MOORE.**

**Crim. No. 74-291.**

United States District Court,
E. D. Pennsylvania.

July 15, 1974.

Gilbert J. Scutti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Samuel Kagle, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

This case comes before the court on a motion to dismiss for lack of a speedy trial.

Defendant, Acie Moore, was indicted on May 21, 1974, as a result of an offense allegedly committed more than a year before, May 1, 1973. He asserts that his Constitutional rights were violated as a result of the time that passed. To support his contention, he stated that on May 1, 1973, he met a postal inspector named Smith and learned that he was investigating a theft which had occurred that day from a postal relay box at 16th[1] and Reed Streets. He saw Smith again on June 19, 1973, at the latter's office as a result of a call to defendant's home a week earlier. On this occasion, defendant was asked to come in and did so voluntarily. He was given the usual Miranda warnings and thereafter made a statement and furnished handwriting samples.

Moore saw Smith again on October 15, 1973, when he went voluntarily to Smith's office. He was given the Miranda warnings a second time and made another statement and furnished additional writing exemplars. Defendant was not arrested on either occasion, was not restrained in any way, and felt free to leave when he wished to do so. Moore stated, however, that had he been either arrested or indicted, he would

---

1. Actually the defendant said 15th & Reed Streets, but meant 16th & Reed.

have obtained an attorney and would have neither talked with Smith nor voluntarily furnished the samples of his writing on these occasions. Thus he argues he was prejudiced by the government's delay in formally accusing him in connection with the offense committed May 1, 1973. However, it is obvious that this is not the type or degree of prejudice about which the cases speak. There is no merit in Moore's contention. See United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971); United States v. Dukow, 453 F.2d 1328, 1330 (3rd Cir.), cert. denied, 406 U.S. 945, 92 S.Ct. 2042, 32 L. Ed.2d 331 (1972); United States v. Benson, 487 F.2d 978, 985–986 (3rd Cir. 1973); United States v. Tate, 336 F. Supp. 58 (E.D.Pa.1971).