**UNITED STATES of America**

v.

**John McCULLOUGH et al.**

**Crim. No. 76–413.**

United States District Court,
E. D. Pennsylvania.

Feb. 15, 1977.

John F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert F. Simone, Philadelphia, Pa., for John McCullough.

Herbert K. Fisher, Philadelphia, Pa., for Stephen O'Malley and David McCullough.

Jacob Kossman, Philadelphia, Pa., for Stephen Traitz.

Ronald F. Kidd, Philadelphia, Pa., for Joseph Kinkade.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendants have moved for dismissal of this indictment. They allege two grounds for the dismissal: 1) that the indictment does not charge a federal crime under the Hobbs Act, 18 U.S.C. § 1951; and 2) that their Fifth Amendment rights were violated by pre-indictment delay. For reasons stated below, this motion must be denied, but defendants may renew their claims at the close of the government's case.

### Federal Offense: The Hobbs Act

Defendants first argue that there is no basis for federal jurisdiction since the indictment fails to state a violation of the Hobbs Act. The indictment on its face clearly states a violation, as interpreted in *United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) and *United States v. Kemble*, 198 F.2d 889 (3d Cir. 1952), cited with approval in *Enmons*. Those cases stated clearly that activity, even violent, in conjunction with a legiti-

mate labor goal was not a federal crime. However, when labor union members or officers attempted to impose unwanted or unneeded union services, then extortion was made out. This is precisely what the indictment charges.

The defendants have presented little evidence to rebut the allegations of the indictment. The job that the indictment charges as "unwanted", is that of monitoring a "tanker," a device to heat substances used on certain construction projects. By testimony they have shown that members of the Roofers Union have performed jobs similar to the one on the Skyway project. They have not presented any evidence as to the relevance of such testimony to the instant case. The government contends that the services were not needed by Skyway, and no evidence presented related to the Skyway tanker. The defendants' witness had no experience with this situation or device and could not speak to the necessity of such monitoring at the Skyway project.

The only other witness that testified on this Hobbs Act issue was a labor lawyer. His testimony, when viewed as a whole, was opinion evidence on the interpretation of the National Labor Relations Act. This goes to issues of law, which are the Court's domain and not a proper subject for witness opinion.

Since the evidence put forth by the defendants at the pretrial hearing does not rebut the allegations of the indictment, it is sufficient on its fact. This Court finds that an offense under the Hobbs Act has been made out.

### Pre-indictment Delay

The events that form the basis of this occurred in 1971 and 1972. In February, 1972, Skyway filed an unfair labor practice charge with the National Labor Relations Board, which was later withdrawn by Skyway. In August or September of 1974, a newspaper reporter informed Thomas Bergstrom, then an Assistant United States Attorney, that he was preparing an article on Skyway and the Roofers Union (N.T. 210). This is the earliest point in time

established by evidence that the United States Attorney's office knew of the 1971–72 incidents. An investigation by the Federal Bureau of Investigation began in October, 1974 (N.T. 67). The FBI investigation was lengthy, with five reports submitted from October, 1974 to June, 1976. The indictment was handed down in August, 1976.

■ The dismissal of an indictment for delay is a severe remedy. It means, as Judge Ditter pointed out in *United States v. Brown*, 354 F.Supp. 1000, 1003 (E.D.Pa. 1973) "that a defendant who may be guilty of a serious crime will go free without having been tried: *Barker v. Wingo*, 407 U.S. [514] at 522, 92 S.Ct. 2182, 33 L.Ed.2d 101." This Court considered a delay situation in *United States v. Wilson*, 346 F.Supp. 371 (E.D.Pa.1972). In that case, as in this one, the case had been investigated first by a civil federal agency, there the Federal Housing Administration. The defendants would have this Court impute the knowledge in this case of the NLRB to the United States Attorney's Office even though the NLRB did not refer the Skyway case to that office for prosecution. In *Wilson*, even though the FHA knew of the case from 1966, this Court did not "start the clock running" until the Justice Department began its investigation in 1968. There is no reason for this Court, in the instant case, to change that position and charge the United States Attorney's office with knowledge of a civil agency that was not even made available to them until after the FBI had begun its own investigation (N.T. 69).

The only case the defendants have cited to support their theory is *United States v. Barket*, 530 F.2d 189 (8th Cir. 1976), which merely imputes the knowledge of the Justice Department in Washington to a local United States Attorney. That is all within the same agency. It would be unreasonable to require the United States Attorney to account for time spent on a civil investigation, by an agency over which it has no control, especially when such investigation does not even result in referral for prosecution.

In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court laid out the guidelines for finding that pre-indictment delay reaches the level of a Fifth Amendment violation. The Court said that

". . . the Due Process Clause of the Fifth Amendment would require dismissal if it were shown at trial that the preindictment delay in this case caused substantial prejudice to and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. at 324, 92 S.Ct. at 465.

Neither of these criteria have been met.

■ The prejudice that defendants must establish is actual prejudice, not to be merely inferred from the passage of time. *United States v. Marion, supra, United States v. Wilson, supra.* The defendants have presented only a few reasons, unsupported by evidence of prejudice. One witness, the Skyway foreman, has died. The government has stated that he died in December, 1972 (N.T. 24), before the criminal investigation had begun. That death cannot be prejudicial, since the government could not have been accused of delay at that point. *United States v. Clark*, 398 F.Supp. 341 (E.D.Pa.1975). There is no evidence that his testimony would have been exculpatory. A second problem alleged is with faulty memories of witness, dimmed by time. Failing memories alone is not actual prejudice, *United States v. Dukow*, 453 F.2d 1328 (3d Cir. 1972); *United States v. Frumento*, 405 F.Supp. 23 (E.D.Pa.1975).

■ There is also no evidence of an intent to delay to gain tactical advantage. "Mere conscious knowledge of the delay on the part of the Government is not enough to satisfy the requirement of bad faith and *purposeful* delay in the pre-indictment, pre-arrest period." *United States v. Frumento*, 405 F.Supp. at 28. All that has been shown is that the government had some knowledge, from the newspaper article, on which to indict in 1974.

The Court is not convinced that this is an unreasonable delay. A constant investigation was underway from the time the Unit-

ed States Attorney's office first learned of the incidents. The government has merely been thorough in its investigation. As this Court said in *Wilson*, 346 F.Supp. at 373:

"It is clear that the Government has no obligation to bring charges 'the moment they have the minimum evidence to establish probable cause'. *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). We are of the opinion that the best interests of justice are served by the holding of the results of such an investigation such as the one in this case until its completion. We will not place the Government under the constraint of bringing charges turned up by such an investigation piecemeal, as long as the investigation is reasonably conducted."

In the instant case, this Court finds that the thorough investigation outlined by the FBI agent at the hearing is reasonable for a case such as this involving far-flung witnesses.

Since this Court finds no actual prejudice or intentional dilatory tactics by the government, the delay in indicting does not make out a Fifth Amendment violation.

*Conclusion*

Since neither of these issues have been established to the satisfaction of the Court, the motion to dismiss must be denied. If it appears at the trial that either proposition is true, either that actual prejudice has been made out by the inability of the defendants to put on a defense due to delay, or that no Hobbs Act violation is made out, the motion may be renewed.